IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TUILAEPA,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT AYERS, JR.; MAX S. LEMON; D. A. DACANAY; R. W. FOX; B. GRUNPY; D. SCHLOSSER; A. MINCEY; B. ELBERT; D. COLEMAN; R. S. WONG; C. PALMER; J. M. PICKETT; A. COTA; and J. GUTHRIE,<br><br>    Defendants. | No. C 09-2954 WHA (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SCREEN CASE AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, an inmate at San Quentin State Prison, filed this case in Marin County Superior Court. It was removed to this court by defendants Ayers, Coleman, Dacanay, Elbert, Guthrie, Lemon, Mincey, Schlosser and Wong, who have filed a waiver of their right to reply to the complaint and a motion for the court to screen it. The motion (document 2) is **GRANTED**. The screening is performed below.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that defendants have promulgated a rule at San Quentin allowing a procedure called "property control." He contends that this rule is an "underground" rule and illegal because it has not been adopted using the state's administrative rule procedure. He has been subjected to "property control" for two years, and contends that this violates not only state law but also his federal due process, equal protection, and Eighth Amendment rights.

The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations,

a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

There are some factual allegations here, but they have to do with how plaintiff came to be put on "property control" and what that means. The truth of those allegations will be assumed. Plaintiff's allegations regarding adoption of the "property control" policy, however, are conclusory – simply that "defendants" instituted the policy. This is exactly the kind of allegation that the Court in *Iqbal* determined was not adequate to state a claim. Plaintiff will be afforded an opportunity to file an amended complaint saying what role each defendant played in the alleged violations of his rights.

In amending plaintiff should bear in mind that mere violations of state law cannot be made into constitutional claims simply by slapping the label "due process violations" on them. *See Longford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (habeas; petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process."). In the context of prison living conditions, prisoners must be afforded due process before being placed in unfavorable living situations – such as "property deprivation" – only if the deprivation of "real substance." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations are of real substance only if (1) the restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *ibid.*, or (2) the state action "will inevitably affect the duration of [a] sentence," *id.* at 487. In short, in order to make his due process claim he must allege facts that, if proved, would show that conditions in "property deprivation" status constitute an atypical and substantial hardship, and he must say what each defendant actually did that violated his rights.

Plaintiff also contends that his equal protection rights were violated, but does not allege any facts that, if proved, would show that other prisoners similarly situated to plaintiff were treated differently. And again, he does not say what role each of the defendants played in treating him differently.

Plaintiff's third federal claim is that imposition of "property deprivation" status violated his Eighth Amendment rights. A prison official violates the Eighth Amendment when two

3

1  requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious; and
2  (2) the prison official must possess a sufficiently culpable state of mind. *Farmer v. Brennan*,
3  511 U.S. 825, 832 (1994). At the moment the factual allegations are that in "property
4  deprivation" status plaintiff was not allowed to have his television set, radio, headphones,
5  "personal warm clothes," personal tennis shoes, and thermal underwear. This is insufficient to
6  allege that the deprivation was sufficiently serious. Plaintiff also has not alleged what each
7  defendant personally did, so there are no facts in the complaint going to each defendant's
8  culpable state of mind. If plaintiff files an amended complaint, and desires to include an Eighth
9  Amendment claim, he must remedy these deficiencies.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July   7  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\TUILAPEPA2954.IRO.wpd

4